UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|                          |                          |
|--------------------------|--------------------------|
| MARIO KING,              |                          |
|                          |                          |
|         Petitioner,      | Case No. 16-CV-732-JPS   |
| v.                       |                          |
|                          |                          |
| JUDY SMITH,              |                          |
|                          |                          |
|         Respondent.      | **ORDER**                |

On February 16, 2017, the Court denied the petitioner Mario King's ("King") petition for a writ of habeas corpus and dismissed this matter with prejudice. (Docket #16 and #17). On March 16, 2017, King filed a motion to reconsider that ruling. (Docket #18). King states that his motion is made pursuant to Federal Rule of Civil Procedure 59(e). *Id.* at 1.

FRCP 59(e) permits a party to request reconsideration of a judgment within twenty-eight days of its entry. Fed. R. Civ. P. 59(e). King's motion was submitted on the twenty-eighth day after the Court's judgment was issued, and is, therefore, timely. A FRCP 59(e) motion may only be granted when "the movant presents newly discovered evidence that was not available at the time [the judgment was issued] or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quotation omitted). The Seventh Circuit instructs that "a 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). The motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have

been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Finally, "relief under Rule[] 59(e) . . . [is an] extraordinary remed[y] reserved for the exceptional case[.]" *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (citing *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

King's motion simply rehashes his arguments from his briefs on the petition. It makes no attempt to present new evidence or argue that the Court ignored controlling precedent. The *Oto* court's observations apply here:

> A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997). Contrary to this standard, Beverley's motions merely took umbrage with the court's ruling and rehashed old arguments. They did not demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent. As such, they were properly rejected by the District Court.

*Oto*, 224 F.3d at 606. As explained in its order denying the petition, the Court's application of Seventh Circuit and Wisconsin law to the facts of this case necessitated dismissal of the matter with prejudice. Upon review, the Court detects no manifest error in that analysis. King's motion does not merit the extraordinary relief afforded by FRCP 59(e), and must therefore be denied.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for reconsideration (Docket #18) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge